# United States Court of Appeals
*For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

November 10, 2022

Mr. Christopher James Nathan
FEDERAL PUBLIC DEFENDER'S OFFICE
Northern District of Iowa
222 Third Avenue, S.E.
Cedar Rapids, IA 52401-1542

      RE: 21-3987 United States v. Amy Jurisic

Dear Mr. Nathan:

      The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion.

      Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc must be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. No grace period for mailing is allowed, and the date of the postmark is irrelevant for pro-se-filed petitions. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

                                                    Michael E. Gans
                                                    Clerk of Court

BNW

Enclosure(s)

cc:     Mr. Clerk, U.S. District Court, Northern Iowa
        Ms. Amy Jurisic
        Mr. Anthony R. Morfitt

      District Court/Agency Case Number(s): 2:20-cr-01042-CJW-1

United States of America

*Plaintiff - Appellee*

v.

Amy Jurisic

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern

_____

Submitted: September 19, 2022
Filed: November 10, 2022
[Unpublished]

_____

Before COLLOTON, WOLLMAN, and STRAS, Circuit Judges.

_____

PER CURIAM.

Amy Jurisic used her job as a postal worker to steal checks from the mail. Although she claims that the district court's[1] intended-loss calculation is too high,

---

[1] The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

*see* U.S.S.G. § 2B1.1(b), and that she should pay less in restitution, *see* 18 U.S.C. §§ 3663A, 3664, we affirm.

I.

The Dubuque post office started receiving complaints about stolen checks. The most frequent victim of the scheme was Flexsteel, a Dubuque-based furniture company. An anonymous tipster pointed the finger at Jurisic, who would snatch business envelopes and sell the checks inside.

Once her customers started cashing the checks, the investigation picked up steam. Investigators discovered that she had "numerous conversations with different individuals discussing checks and/or stealing mail (checks and credit cards)" on Facebook. One time she even asked a potential customer whether he "could do anything with a business-to-business check."

After investigators connected Jurisic to the stolen checks, she pleaded guilty to mail theft. *See* 18 U.S.C. § 1709. The district court held her responsible for stealing dozens of checks valued at more than $550,000. They became the basis for the intended-loss calculation, which was a key ingredient in the court's decision to give her a 33-month prison sentence. *See* U.S.S.G. § 2B1.1(b)(1) (specifying increases to the offense level of theft crimes based on the amount of the loss). Meanwhile, the value of the checks cashed provided the restitution amount, which was $62,456.33. *See* 18 U.S.C. §§ 3663A, 3664.

II.

Jurisic takes aim at both calculations. *See United States v. Smith*, 929 F.3d 545, 547–48 (8th Cir. 2019) (reviewing both for clear error). In her view, "anyone could have stolen and cashed" the missing checks. Based on the record, however, the district court concluded otherwise. *See id.* at 547 (explaining that, under clear-

error review, courts reverse only "with a firm and definite conviction that a mistake has been made").

## A.

For theft crimes like this one, the recommended sentencing range depends on the scheme's financial impact. The district court relied on the grand total of the checks, including those that were never cashed and are still missing, to measure "the pecuniary harm [Jurisic] purposely sought to inflict." U.S.S.G. § 2B1.1 cmt. n.3(A)(ii) (defining "[i]ntended loss"); *see United States v. Killen*, 761 F.3d 945, 950 (8th Cir. 2014) (explaining that intended loss includes "expected" loss because "a person is presumed to have intended the natural and probable consequences of his or her actions" (quotation marks omitted)). Our task is to determine whether the district court's finding that the intended loss was greater than $550,000 was clearly erroneous. *See Killen*, 761 F.3d at 948.

We conclude it was not. It was fair to infer from the evidence that Jurisic stole the missing checks. After all, she marketed the checks on Facebook, sent photographs of them to a potential customer, told the customer that she had "more" available, and had a connection to a house where investigators discovered a stash of them. There was little chance, as the district court noted, that two postal workers were stealing checks from the same post office at the same time. Based on these findings, the intended-loss calculation stands.

## B.

So does the restitution award. Restitution is available "only to the extent sufficient evidence has proven [a victim's] ultimate loss." *See United States v. Adejumo*, 848 F.3d 868, 870 (8th Cir. 2017). If the district court "reasonably estimated the loss, we will affirm." *Smith*, 929 F.3d at 548 (quotation marks and brackets omitted).

The district court's estimate was a reasonable one. Like the intended-loss calculation, the restitution award reflected the well-supported finding that Jurisic stole the checks herself. For that reason, we cannot say that the district court clearly erred when it ordered restitution based on the total value of the checks cashed. *See id.* (explaining that the actual copies of checks and testimony by those familiar with the fraud can guide a district court's restitution calculation).

III.

We accordingly affirm the judgment of the district court.

_____

Appellate Case: 21-3987    Page: 4    Date Filed: 11/10/2022 Entry ID: 5216822